FILED
2017 Jul-24  AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| CHERYL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| TOM MCLEOD SOFTWARE CORPORATION, | ) | |
| | | |
| Defendant. | | |

---

## COMPLAINT

## I. JURISDICTION

1. This is a suit for relief from employment discrimination instituted pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.,* Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.,* and 42 U.S.C. §1981 ("§1981"). Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Cheryl Williams ("Plaintiff") timely filed charges of discrimination against defendant Tom McLeod Software Corporation ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act of discriminatory treatments. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letters issued from the EEOC.

## II.  PARTIES

3.   Plaintiff is a citizen of the United States over the age of nineteen and a resident of Shelby County, Alabama.

4.   Defendant is a corporation headquartered in Birmingham, Alabama.  It is and was at all times relevant to this complaint an employer as contemplated under the ADA and Title VII.

## III.  STATEMENT OF FACTS

5. Plaintiff is an African-American female.

6.  In or about January of 2015, Plaintiff became employed by Defendant at its location in Jefferson County, Alabama.

7.   Plaintiff was employed as a developer, which is a software engineering position.

8.  In or about March of 2016, Plaintiff's supervisor was Jarred Jones.

9.  Jones is a Caucasian male.

10.   In that month, Plaintiff submitted an email to Jones' supervisor, Vicky Johnson.

11.   Johnson is a Caucasian female.

12.   Plaintiff stated in the email that Jones was micro-managing her and had instructed her to repeat some work she had already done, and that the repeated work was unnecessary, time consuming, and interfering with her other work obligations.

13.   After Plaintiff submitted the complaint, Jones treated her in a hostile manner and then refused to work with her.

14.   Further, Johnson would nit pick at Plaintiff and required her to do her work together with Michael Warren, who was a trainer for Plaintiff's team.

15.   Johnson did not require this of other members of Plaintiff's team.

16.   Warren is a Caucasian male.

17.   Warren was aware of Plaintiff's emailed complaint to Johnson, referenced above.

18.   Warren failed and refused to provide Plaintiff with feedback and guidance to allow her to efficiently perform her duties.

19.   Rather, Warren would obstruct Plaintiff's work by assigning her needless tasks and frequently occupying her time by asking her questions that were unrelated to the work she was doing.

20.   In or about August of 2015, Plaintiff was diagnosed with Attention Deficit Hyperactivity Disorder. ("ADHD").

21.  Due to the ADHD, noise and other atmospheric distractions adversely affected Plaintiff's ability to concentrate and focus on her job.

22.  On or about Sunday, April 17, 2016, Plaintiff sent an email to Johnson advising that the way she had been treated since she had sent the complaint to her referenced above was adversely affecting her work, morale, and ability to do her job, and further that Plaintiff was requesting to take off work the next day to go to the EEOC.

23.  On or about April 18, 2016, Plaintiff filed a charge of discrimination against Defendant with the EEOC alleging, *inter alia*, race and sex discrimination in the way she was retaliated against after making her complaint to Johnson referenced above.[1]

24.  After Plaintiff got to work on April 18, 2016, she advised Johnson that the mistreatment she was experiencing as referenced above was exacerbating her disability and that she was requesting that she be allowed to work from home as an accommodation for it.

25.  Plaintiff was and is able to fully perform the essential functions of her job working from home.

---

[1]Plaintiff felt that she had been treated this way due to her disability as well, but she was advised by the person at the EEOC who took her charge that she could not include disability because she had not requested an accommodation.

26. Further, other developers were allowed to work from home.

27. That same day, Plaintiff was contacted by Alison Comardelle, a Human Resources Generalist with Defendant, to meet with her about her April 18 communication to Johnson.

28. Plaintiff met with Comerdale that day, but the entire meeting was about why Plaintiff had gone to the EEOC and what she was claiming there, rather than her request for an accommodation for her disability.

29. Comerdale subsequently emailed Plaintiff an accommodation request form.

30. Plaintiff had that completed by her physician and returned it within a couple of days.

31. After about a week, Plaintiff had not heard anything about her accommodation request.

32. In the meantime, she was still receiving the harassment from Johnson and Warren.

33. Plaintiff went to the office of Sheila Storch, Defendant's Human Resources Manager, and told her that Johnson and Warren were still harassing her and trying to find a way to fire her.

34.  Plaintiff further told Storch that this was exacerbating her disability and that, if they were going to fire her, then to just fire her because she could not take it anymore.

35.  Storch said that there was nothing in the works to terminate Plaintiff and that she could work from home until her EEOC charge was resolved.

36.  Comardelle thereafter sent Plaintiff a letter dated April 21, 2016 advising that Plaintiff would be allowed to work from home "while [Defendant's] investigation [was] active," and that the allowance was "separate from [Plaintiff's] accommodation request under ADA."

37.  After Plaintiff began working from home, her job duties were changed in that she was no longer writing computer code but only "porting" or placing code written by others into programs.

38.  Porting is an entry level duty, it requires substantially less knowledge, skills, and abilities than writing code, and it carries significantly less responsibilities and status than the duties of code writing that Plaintiff had been performing.

39.  On or about July 20, 2106, Storch called Plaintiff in to meet with her and Johnson.

40.  Storch told Plaintiff that she would no longer be able to work from home because Defendant had a new "team initiative" it was implementing and that Plaintiff needed to be at the office.

41.  Plaintiff asked Storch about her accommodation request.

42.  Storch said that it was quieter in the office then and that they were going to test a particular door, which had made noise but was a very minor part of the overall noise.

43.  Storch said that this was all that they could do.

44.  On or about July 25, 2016, Plaintiff returned to working at the office.

45.  The noise level in the office was the same as when Plaintiff had left.

46.  Plaintiff notified Storch of this, and she told Plaintiff that she could wear noise canceling headphones.

47.  Plaintiff informed Storch that the headphones did not work and asked her that she be allowed to work from home as an accommodation for her disability.

48.  Plaintiff pointed out that other developers were allowed to work from home.

49.  Storch's only response was to reiterate information about testing the door.

50.  Plaintiff thereafter provided Defendant information about the legal requirement of providing a reasonable accommodation to a disabled employee.

7

51.   On or about August 9, 2016, Plaintiff filed a second EEOC charge of discrimination against Defendant, wherein she alleged retaliation for her first EEOC charge and request for an accommodation for her disability, as well as discrimination with respect to her disability.

52.   On or about August 12, 2016, Ahmed Ebrahim and Storch met with Plaintiff.

53.   Ebrahim was the Vice President over Plaintiff's department.

54.   There, Ebrahim and Storch placed Plaintiff on an unfounded performance improvement plan.

55.   In this meeting, Ebrahim and Storch also went over accommodation alternatives for Plaintiff's disability.

56.   Plaintiff requested to work from home.

57.   Plaintiff was then allowed to again work from home as an accommodation for her disability.

58.   On or about September 1, 2016, Ebrahim and Storch called Plaintiff and told her that she was terminated because her performance had not improved.

59.   This was false and pretextual.

# IV.  CAUSES OF ACTION

## COUNT I- ALTERING JOB DUTIES

### ADA

60.  Paragraphs 1-38 are incorporated herein.

61. Plaintiff's ADHD constituted a mental impairment under the ADA.

62.  Due to this impairment, Plaintiff was and is substantially limited with respect to the major life activities of concentrating, thinking, and the operation of her neurological system.

63.  Plaintiff was and is disabled under the ADA.

64.  Plaintiff was and is a qualified individual able to perform the essential functions of her position, with accommodation.

65.  Altering Plaintiff's job duties as referenced in paragraphs 37-38 above from writing computer code to only "porting" or placing code written by others into programs constituted an adverse employment action.

66.  Defendant violated Plaintiff's rights under the ADA by altering Plaintiff's duties because of her request for a reasonable  accommodation for her disability in being allowed to work from home.

67.  As a result of the above described discriminatory act, Plaintiff has been made to suffer emotional distress and mental anguish.

9

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iv)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II- ALTERING JOB DUTIES

## TITLE VII

68.  Paragraphs 1-38 and 65 above are incorporated by reference.

69.   Defendant violated Plaintiff's rights under Title VII by altering her job duties as referenced in paragraphs 37-38 because of her having filed an EEOC charge against Defendant with claims of sex and race discrimination under Title VII.

70.   As a result of the above described discriminatory act, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's act as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

11

(v)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III- ALTERING JOB DUTIES

### §1981

71.   Paragraphs 1-38 and 65 above are incorporated by reference.

72.   Defendant violated Plaintiff's rights under §1981 by altering her job duties as referenced in paragraphs 37-38 because of her having filed a race-based EEOC charge against Defendant.

73.   As a result of the above described discriminatory act, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)   That the Court issue an Order declaring that Defendant's act as described herein violated §1981;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT IV- REVOCATION OF HOME-BASED WORK
## TITLE VII

74.  Paragraphs 1-50 and 61-64 above are incorporated by reference.

75.  Plaintiff's requests to work from home as referenced in paragraphs 24 and 41 above constituted requests for a reasonable accommodation for her disability.

76.  Defendant violated Plaintiff's rights under Title VII by revoking her allowance to work at home as referenced in paragraphs 24-49 because of her having filed an EEOC charge against Defendant with claims of sex and race discrimination under Title VII.

77.   As a result of the above described discriminatory act, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's act as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT V- REVOCATION OF HOME-BASED WORK

### §1981

78.   Paragraphs 1-50 and 61-64 above are incorporated by reference.

79.  Plaintiff's requests to work from home as referenced in paragraphs 24 and 41 above constituted requests for a reasonable accommodation for her disability.

80.   Defendant violated Plaintiff's rights under §1981 by revoking her allowance to work at home as referenced in paragraphs 24-49 because of her having filed a race-based EEOC charge against Defendant.

81.   As a result of the above described discriminatory act, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's act as described herein violated §1981;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate §1981;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT VI- DENIAL OF ACCOMMODATION

## ADA

82.  Paragraphs 1-57, 61-64, and 75 are incorporated herein.

83. Defendant violated Plaintiff's rights under the ADA by denying her requests for a reasonable  accommodation for her disability in being allowed to work from home for the period referenced in paragraphs 39-57 above.

84.   As a result of the above described discriminatory act, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

16

(i)  That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT VII- DENIAL OF ACCOMMODATION
## TITLE VII

85.  Paragraphs 1-57, 61-64, and 75 are incorporated herein.

86.   Defendant violated Plaintiff's rights under Title VII by denying her requests for a reasonable  accommodation for her disability in being allowed to work

from home for the period referenced in paragraphs 39-57 above because of her having filed an EEOC charge against Defendant with claims of sex and race discrimination under Title VII.

87.   As a result of the above described discriminatory act, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's act as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

### COUNT VIII- DENIAL OF ACCOMMODATION

### §1981

88.   Paragraphs 1-57, 61-64, and 75 are incorporated herein.

89.   Defendant violated Plaintiff's rights under §1981 by denying her requests for a reasonable  accommodation for her disability in being allowed to work from home for the period referenced in paragraphs 39-57 above because of her having filed a raced-based EEOC charge against Defendant.

90.   As a result of the above described discriminatory act, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)   That the Court issue an Order declaring that Defendant's act as described herein violated §1981;

(ii)   That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate §1981;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT IX- TERMINATION

### ADA

91.  Paragraphs 1-59, 61-64, and 75 are incorporated herein.

92. Defendant violated Plaintiff's rights under the ADA by terminating her employment because of (a) her disability; (b) in retaliation for her requests for a reasonable accommodation for her disability; and/or (c) in retaliation for her second EEOC charge filed against Defendant, wherein she alleged violations of the ADA.

93.   As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

20

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT X- TERMINATION

## TITLE VII

94.  Paragraphs 1-59 are incorporated herein.

95. Defendant violated Plaintiff's rights under Title VII by terminating her employment in retaliation for her first EEOC charge filed against Defendant, wherein she alleged violations of Title VII.

96.   As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions described herein violated Title VII;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate Title VII;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with

interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT XI- TERMINATION

## §1981

97.  Paragraphs 1-59 are incorporated herein.

98.  Defendant violated Plaintiff's rights under §1981 by terminating her employment in retaliation for her first EEOC charge filed against Defendant, wherein she alleged race discrimination.

99.   As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions described herein violated §1981;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate §1981:

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

_____
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adamporter@earthlink.net


Plaintiff requests trial by struck jury.

_____
Attorney for Plaintiff


<u>Defendant's Address</u>:
Tom McLeod Software Corporation
Thomas E. McLeod, Jr., Registered Agent
2500 Acton Rd., Suite 100
Birmingham, AL 35243